Michael Lee (ML 6353)
Lee Law PLLC
579 Fifth Avenue
14th Floor
New York, NY 10017
Telephone: (212) 621-8239
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OTTER PRODUCTS, LLC and TREEFROG DEVELOPMENTS, INC., | CASE NO. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| US ELOGISTICS SERVICE CORP; HANG FENG WU, and JOHN DOES 1-5, | |
| Defendants. | |

Plaintiff Otter Products, LLC ("Otter Products") and Treefrog Developments, Inc. ("LifeProof") (hereinafter collectively referred to as "Plaintiffs"), through their attorneys complaining of US Elogistics Service Corp, Hang Feng Wu, and "John Does" 1-5 (hereinafter collectively referred to as "Defendants") hereby allege as follows:

## STATEMENT OF THE CASE

1. Plaintiffs are the designers and distributors of the highest quality and most recognizable cell phone, and other electronics, protective cases in the world. Unfortunately, great success attracts clandestine companies and individuals unjustly enriching themselves by distributing cheap unauthorized imitation cell phone cases in order to fool unsuspecting consumers and the public.

2. These counterfeit cell phone cases provide little, if any, protection to consumer's expensive electronics and, therefore, Defendants are not only causing great harm to Plaintiffs

but to the general public as well.

3.    Through its brand protection enforcement efforts, Plaintiffs learned of the distribution of a great amount of knock-off cell phone cases being distributed by Defendants.

4.    This is not the first time that Defendants have been sued for counterfeiting and trademark infringement concerning its distribution of knock-off merchandise. In fact, Defendants have twice been sued before for such illegal conduct. Despite these two lawsuits and despite a cease and desist letter and follow up correspondence, Defendants continued to distribute their illegal cell phone cases. Defendants infringement is clearly willful.

5.    This action concerns the distribution of large quantities of merchandise bearing counterfeits and infringements of Plaintiffs' federally registered trademarks in the United States. Defendants have willfully infringed Plaintiffs' valuable trademarks, creating a strong likelihood of confusion among consumers who expect that merchandise bearing Plaintiffs' trademarks will be genuine product by Plaintiffs, and causing both monetary and other irreparable injury to Plaintiffs and the public at large.

6.    This is a suit by Plaintiffs against Defendants for: (i) counterfeiting and infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) federal trademark dilution in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) unfair competition, false designation of origin, and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); ); (iv) unlawful importation of goods bearing registered United States trademarks in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a); and (v) unfair and deceptive business practices in violation of N.Y. Gen. Bus. L. § 349.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the federal trademark claims asserted in this

action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338. This Court has supplemental subject matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

8.      Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District. Specifically, Defendants have shipped a large amount of infringing merchandise into this District.

9.      Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3).

## PARTIES

11.     Otter Products is a limited liability company duly organized and existing under the laws of the State of Colorado and having its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.

12.     LifeProof is a Delaware corporation with its principal place of business located at located at 209 S. Meldrum Street, Fort Collins, CO 80521.

13.     Upon information and belief, defendant US Elogistics Service Corp ("US Elogistics") is a New Jersey company with its principal place of business located at 1100 Cranbury South River Road, Monroe Township, NJ 08831.

14.     Upon information and belief, defendant Hang Feng Wu ("Wu") is the Chief Executive Officer / Owner of US Elogistics and therefore has the right and ability to control the actions of the corporate defendant. Wu resides at 135 Penn Lyle Rd, West Windsor, NJ 08550.

15.     The identities of "John Does" 1-5 are not currently known to Plaintiffs. Upon information and belief, they are associated with Defendants and have contributed to Defendants' unlawful activities. Plaintiffs will use its best efforts to identify these "John Does", and upon

further knowledge and investigation, Plaintiffs will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

A. **Plaintiffs' Famous Products and Trademarks**

16.     Otter Products began with the entrepreneurial vision of its founder, Curt Richardson. An injection molder by trade, Richardson designed the first "OtterBox" in 1995. The first OtterBox was a durable waterproof box used to keep electronics dry while participating in outdoor sports such as kayaking or fishing. However, through iterative design changes, what started as a waterproof box evolved into a line of functional, durable, and award-winning personal electronics cases. Today, Otter Products' OtterBox® cases stand as one of the best-selling brands of mobile phone and tablet cases worldwide, with cases for a broad variety personal electronics.

17.     LifeProof was subsequently founded by an entrepreneur Gary Rayner in 2009. Known by the accuracy of its trade name, LifeProof has gained a strong reputation for designing and manufacturing highly resistant smartphone and tablet cases. LifeProof's award-winning polycarbonate design is able to withstand the harshest of elements, providing water resistance, dirt resistance, and shock absorbency. Otter Products acquired LifeProof in 2013 and they have been doing business collectively ever since.

18.     Since their inceptions, Otter Products and LifeProof have marked their brands' products (OtterBox® and LifeProof® respectively) with trademarks that have come to symbolize their profound company heritage, entrepreneurial spirit, and superior craftsmanship. These reputations started with the design of the first OtterBox® in 1995 and first LifeProof® in 2009 and have since expanded into a robust global marketplace. From their prescient inceptions to their products' establishment as household names, Plaintiffs have expended great amounts of time, money, and effort advertising and promoting their respective trademarks globally,

including throughout the United States and in this District. As a result of these investments and their widespread success, Plaintiffs have developed considerable goodwill and reputations for the highest quality products. Plaintiffs have continuously used their trademarks to distinguish their OtterBox® and LifeProof® products, as well as uphold these reputations.

19.     Plaintiffs are the owners of various trademarks registered with the United States Patent and Trademark Office ("USPTO"). Such trademarks include, but are not limited to the following, among others:

| Trademark | USPTO Registration Number | Registration Date | Goods |
|---|---|---|---|
| OTTERBOX | 3788534 | 08/25/2009 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| OTTER BOX | 3788535 | 05/11/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |

| | | | |
|---|---|---|---|
| **OTTERBOX** | 4602221 | 09/09/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers. |
| DEFENDER SERIES | 4616874 | 10/07/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for personal electronic devices, namely, cell phones. |
| DEFENDER SERIES | 3623789 | 05/19/2009 | IC 009. US 021 023 026 036 038. G & S: Protective cases for interactive, handheld electronic devices, namely, portable music players, portable video players and tablet computers. |
|  | 3791318 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective |

| | | | |
|---|---|---|---|
| | | | carrying cases for computers. |
| STRADA SERIES | 4864518 | 12/1/2015 | IC 009. US 021 023 026 036 038. G & S: Protective cases and covers for personal electronic devices, namely, mobile phones, smartphones, tablets, computers, e-book readers, portable media players; Bags, folios and carrying cases specially adapted for personal electronic devices, namely, mobile phones, smartphones, tablets, computers, e-book readers, portable media players. |
| STATEMENT SERIES | 4952893 | 05/03/2016 | IC 009. US 021 023 026 036 038. G & S: Protective cases, covers, bags, and carrying cases for personal electronic devices, namely, mobile phones, smartphones, tablet computers, and e-book readers |

| | | | |
|---|---|---|---|
| **Giving Back** ♥<br><br>GIVING BACK | 5356304 | 12/12/2017 | IC 009. US 021 023 026 036 038. G & S: Protective cases and covers for mobile electronic devices, namely, smartphones, tablet computers; protective cases and covers adapted to accommodate external accessories for use with mobile electronic devices, namely, smartphones, tablet computers; accessories specially adapted for use with protective cases and covers for smartphones, tablet computers, namely, batteries and power management systems in the nature of external batteries, battery boxes and battery chargers. |
| DEFENDER SERIES PRO | 5726083 | 04/16/2019 | IC 009. US 021 023 026 036 038. G & S: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, tablet computers, cases and holsters specially adapted for holding or carrying mobile |

| | | | electronic devices, namely, mobile phones, tablet computers. |
|---|---|---|---|
| TRACTION SERIES | 5910713 | 11/12/2019 | IC 009. US 021 023 026 036 038. G & S: Protective cases and covers for personal electronic devices, namely, mobile phones, smartphones, and tablet computers. |
| VUE SERIES | 5727921 | 04/16/2019 | IC 009. US 021 023 026 036 038. G & S: Protective cases, covers, bags, and carrying cases for personal electronic devices, namely, mobile phones, smartphones, tablet computers, and e-book readers. |
| FIGURA SERIES | 5765856 | 05/28/2019 | IC 009. US 021 023 026 036 038. G & S: Protective cases, covers, bags, and carrying cases for personal electronic devices, namely, mobile phones, smartphones, tablet computers, and e-book readers. |

| | | | |
|---|---|---|---|
| STATEMENT SERIES MODERNE | 5765857 | 05/28/2019 | IC 009. US 021 023 026 036 038. G & S: Protective cases, covers, bags, and carrying cases for personal electronic devices, namely, mobile phones, smartphones, tablet computers, and e-book readers. |
| LUMEN SERIES | 6073954 | 06/09/2020 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for handheld electronic devices, namely, cell phones, smartphones and personal digital assistants. |
| OTTERBOX | 6077573 | 06/16/2020 | IC 009. US 021 023 026 036 038. G & S: Protective display screen covers for tablet computers, smart phones and electronic reading devices; Stands, mounts, covers and cases specifically adapted for electronic devices, namely, speakers, microphones, smart speakers, display screens, and smart displays; Protective cases for laptop computer, tablet computers, and |

| | | | |
|---|---|---|---|
| | | | accessories for laptop and tablet computers, namely, keyboards and speakers. |
| WAKE | 6126479 | 08/11/2020 | IC 009. US 021 023 026 036 038. G & S: Protective cases and covers for mobile electronic devices, namely, smartphones, tablet computers, electronic reading devices and mobile electronic devices. |
| VIVA SERIES | 6149005 | 09/08/2020 | IC 009. US 021 023 026 036 038. G & S: Protective cases, covers, and carrying cases for personal electronic devices, namely, mobile phones, smartphones, and tablet computers. |

| | | | |
|---|---|---|---|
| LIFEPROOF | 4520890 | 04/29/2014 | IC 009. US 021 023 026 036 038. G & S: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, mobile phones, electronic tablets, electronic book readers; accessories specially adapted |

| | | | |
|---|---|---|---|
| | | | for mobile electronic devices, namely, belt clips, shoulder straps, and hand straps. |
|  | 4522877 | 04/29/2014 | IC 009. US 021 023 026 036 038. G & S: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, mobile phones, electronic tablets, electronic book readers; accessories specifically adapted for mobile electronic devices, namely, belt clips, shoulder straps, or hand straps sold as a unit with the bags, cases, and holsters. |
| LIFEPROOF | 4519288 | 04/22/2014 | IC 009. US 021 023 026 036 038. G & S: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, mobile phones, electronic tablets, electronic book readers; accessories specifically adapted for mobile electronic devices, namely, belt clips, shoulder straps, or hand straps sold as a unit with the bags, cases, and holsters. |
| LIFEPROOF | 4057201 | 11/15/2011 | IC 009. US 021 023 026 036 038. G & S: Accessories for electronic goods and communications apparatus, namely, protective housings, carrying cases, cases and covers for portable electronic goods and communications apparatus, namely, cell |

| | | | |
|---|---|---|---|
| | | | phones, lap tops, tablet computers for Ebook, magazine and newspaper reading, and portable media players. |
| FRĒ | 4397480 | 09/03/2013 | IC 009. US 021 023 026 036 038. G & S: Protective covers specially adapted for personal electronic devices, and accessories for personal electronic devices, namely, belt clips, bar mounts and mount adapters, armbands, and headphone adapters. |

(hereinafter collectively referred to as the "Plaintiffs Registered Trademarks").

20.    The Plaintiffs Registered Trademarks are valid, in full force and effect, protectable and exclusively owned by Plaintiffs. Plaintiffs have continuously used the Plaintiffs Registered Trademarks during all time periods relevant to Plaintiffs' claims. As a result, the Plaintiffs Registered Trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

21.    The Plaintiffs Registered Trademarks have been used regularly in interstate commerce, including within this District, to identify and distinguish Plaintiffs' high-quality merchandise including, but not limited to, dirt resistant mobile phone cases, dirt resistant tablet cases, shock resistant mobile phone cases, shock resistant tablet cases, drop resistant mobile phone cases, drop resistant tablet cases, mobile phone accessories, tablet accessories, and other goods.

22.    Due to the overwhelming amount of resources exhausted by Plaintiffs in order to create, protect, enforce, and promote the Plaintiffs Registered Trademarks, the Plaintiffs Registered Trademarks have achieved secondary meaning as identifiers of high quality merchandise including, but not limited to, dirt resistant mobile phone cases, dirt resistant tablet cases, shock resistant mobile phone cases, shock resistant tablet cases, drop resistant mobile phone cases, drop resistant tablet cases, mobile phone accessories, tablet accessories, and other

goods.

23.     The Plaintiffs Registered Trademarks are recognized around the world and throughout the United States by consumers as signifying authentic, high-quality OtterBox® and LifeProof® products. As such, the Plaintiffs Registered Trademarks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1) and achieved such fame prior to Defendants' conduct that is the subject of this Complaint.

**B.  Defendants' Unauthorized Activities**

24.     Upon information and belief, Defendants are importing, distributing, and using in interstate commerce merchandise bearing counterfeits and infringements of the Plaintiffs Registered Trademarks (the "Counterfeit Product").

25.     Despite having notice of their illegal activities, Defendants continue to offer for sale and sell a large amount of Counterfeit Product. Defendants are willful infringers of the Plaintiffs Registered Trademarks causing irreparable harm to Plaintiffs and the unsuspecting public who are being defrauded into purchasing such illegal merchandise.

26.     Plaintiffs regularly monitor the eBay.com ("eBay") marketplace for the sale of Counterfeit Product. As part of these policing efforts, Plaintiffs routinely request the shutdown of listings offering for sale and selling Counterfeit Products; make purchases of Counterfeit Product to obtain information about sellers; and send cease and desist letters to eBay users who are offering for sale and selling Counterfeit Product.

27.     On or about July 2020, Plaintiffs' viewed a suspicious listing on eBay from the eBay seller known under the username "paolap79". Plaintiffs' agent made a purchase from the "paolap79" eBay seller user of a "OtterBox" cellphone case ("First Purchase").

28.     Subsequently, Plaintiffs reviewed the First Purchase and confirmed that the First

Purchase was not authentic OtterBox merchandise and did, in fact, bear counterfeits and infringements of the Plaintiffs Registered Trademarks.

29.    The return address on the First Purchase stated "Shipping Dept, 1100 Cranbury South River Road, Monroe Township, NJ 08831". This is the return address for Defendants.

30.    In response to a request from Plaintiffs, eBay provided contact information for "paolap79". This contact information was fraudulent and the phone number associated with the account was an unresponsive Google Voice phone number.

31.    The First Purchase was the discovery of a far-reaching conspiracy to sell and distribute Counterfeit Product that stretches from eBay sellers in China and being fulfilled by Defendants here in the United States.

32.     US Elogistics acts as a global logistics fulfillment and transportation company. Upon information and belief, Defendants import merchandise from overseas and fulfill orders by shipping product when instructed to do so by its customers.

33.    From July to September 25, 2020, Plaintiff discovered and made purchases from ten (10) additional eBay sellers who all used Defendants' services to ship their Counterfeit Product. The additional sellers use similar eBay usernames, photographs for listings, fraudulent contact information, and unresponsive Google Voice phone numbers; all similar to the "paolap79" seller.

34.    More concerning, these eBay sellers were distributing thousands of Counterfeit Product and new eBay accounts would keep springing up after the fraudulent ones were exposed and shut down by eBay.

35.    Upon information, belief, and investigation, this scheme would operate as follows: 1) individuals in China would use stolen or fraudulent contact information to open up an eBay account; 2) Defendants would import these individuals' Counterfeit Product into the

United States; 3) Defendants would store this Counterfeit Product at its warehouses; and 4) Defendants would ship this Counterfeit Product to unsuspecting purchasers on eBay (the "Conspiracy").

36.     This is not the first time that Defendants have been accused of counterfeiting and trademark infringement in association with a scheme similar to the Conspiracy.

37.     In March 2018, in the case <u>Cree, Inc. v. Fastbuy, Inc. et al</u>., 2:18-cv-01802 (Central Dist. of Cal.), US Elogistics was sued in association with its scheme to distribute counterfeit and infringing LED lighting products.

38.     Further in April 2019, in the case <u>BMW of North America, LLC, et al v. US Elogistics Service Corp</u>, 5:19-cv-00789 (Central Dist. of Cal.) US Elogistics was again sued in association with its scheme to distribute counterfeit and infringing BMW automotive products. That case ended with a permanent injunction being entered against US Elogistics enjoining it from further infringing BMW's trademarks.

39.     In these two other cases, the conduct alleged was almost identical to the Conspiracy and Defendants are on full notice that the product they import, store, and distribute is routinely found to be illegal counterfeit goods.

40.     On September 25, 2020, Plaintiffs' counsel sent Defendants a cease and desist letter putting them on specific notice of their illegal activities, demanding that they immediately cease the distribution Counterfeit Product, and comply with further demands.

41.     Defendants did not respond to the cease and desist letter.

42.     On September 30, 2020, Plaintiffs' counsel telephoned Defendants at the number listed on their website but the voicemail for the number was full.

43.     On October 22, 2020, Plaintiffs' counsel again emailed Defendants but again did not receive a response.

44.      Despite the cease and desist letter and additional demands by Plaintiffs' counsel for Defendants to cease the infringement, Defendants' distribution of Counterfeit Product continued.

45.      Since September 25, 2020, the date of the cease and desist letter to Defendants, an additional six (6) eBay accounts using Defendants' services shipped Counterfeit Product to agents for Plaintiffs.

46.      In total, seventeen (17) different purchases have been made of Counterfeit Product that was shipped by Defendants. These seventeen (17) cases are just the tip of the iceberg of Defendants' illegal activity as there are thousands of more Counterfeit Product that Defendants' have distributed.

47.      Before filing this suit, Plaintiffs' counsel reached out to Defendants in a last attempt to resolve this matter and finally received a response from Defendants.

48.      Defendants confirmed that all seventeen (17) different purchases were initiated by a single customer of Defendant based in China. This customer used an email address that that consisted of only numbers through an email provider that is popular among counterfeiters. Due to the two (2) previous lawsuits, Defendants should have been on notice and vigilant of counterfeiters using their services and alert to claims of infringement, but they were not.

49.      Defendants through the two previous lawsuits, the permanent injunction, the cease and desist letter, and subsequent emails were on full notice that their actions were illegal but continued to infringe the Plaintiffs Registered Trademarks. Defendants' infringement is clearly willful.

50.      Upon information and belief, Wu was fully aware of the Conspiracy but he and his company failed to take any adequate measures to prevent the continued sale of Counterfeit Product. Wu is directly involved with and authorized the unauthorized activities described

herein; Wu was aware of the infringing activity and continued to permit his company to provide its services to sellers of Counterfeit Product; and Wu has a financial interest in and the right and ability to control the action of the herein corporate defendant.   Therefore Wu is directly, contributorily, and / or vicariously liable for the infringement of the Plaintiffs Registered Trademarks.

51.     Similarly, not only are Defendants directly liable for infringement due to distributing their Counterfeit Merchandise but since they had both general and specific notice of such illegal activity but continued to provide their importing and shipping services to the sellers of the Counterfeit Product, they are contributorily liable for the infringement as well.

52.     Defendants' distribution of the Counterfeit Products in the United States constitutes an illegal use in commerce of the Plaintiffs Registered Trademarks in connection with the sale, offering for sale, or distribution of the Counterfeit Products.

53.     The Counterfeit Products distribution by Defendants were not manufactured, authorized, or sponsored by Plaintiffs. Thus, consumers will be confused and disappointed by the differences between the Counterfeit Products distributed by Defendants and the genuine Plaintiffs merchandise manufactured and sold by Plaintiffs or their affiliates.

54.     As a result of Defendants' actions, Plaintiffs are losing profits from lost sales of genuine product, are suffering a loss of enormous goodwill created in its Plaintiffs Registered Trademarks, and will continue to suffer such loss if Defendants are allowed to continue their illegal activity.

55.     Upon information and belief, Defendants have knowingly and willfully engaged in their illicit activities in direct violation of Plaintiffs' rights and/or have shown a blatant disregard for the same. For these reasons, this qualifies as an exceptional case under 15 U.S.C. § 1117(a).

56.     Plaintiffs has suffered irreparable injury as a direct and proximate result of Defendants' wrongful distribution of the Counterfeit Products.

57.     Plaintiffs have no adequate remedy at law.

58.     Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Plaintiffs' well-established rights in and to the Plaintiffs Registered Trademarks.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

59.     Plaintiffs hereby reallege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 58.

60.     Defendants have knowingly, intentionally, and without the consent of Plaintiffs used in commerce reproductions, counterfeits, and/or copies of the Plaintiffs Registered Trademarks in connection with the importation and distribution of illicit goods covered by USPTO registrations for the Plaintiffs Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Plaintiffs despite the fact that it is not.

61.     Defendants' use of the counterfeit marks was willful and done with the knowledge that the marks are counterfeit, and as such, Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

62.     Defendants' acts constitute use in commerce of the Plaintiffs Registered Trademarks.

63.     Not only are Defendants directly liable for infringement due to importing and distributing their Counterfeit Merchandise but since they had both general and specific notice

of such illegal activity but continued to provide their importing and shipping services to the sellers of the Counterfeit Product, Defendants are also contributorily liable for trademark counterfeiting.

64.      For the aforementioned reasons, Plaintiffs are entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiffs' lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

65.      Plaintiffs have no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. §1114)

66.      Plaintiffs hereby reallege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 58.

67.      Defendants have knowingly, intentionally, and without the consent of Plaintiffs used in commerce reproductions, counterfeits, and/or copies of the Plaintiffs Registered Trademarks in connection with the importation and distribution of goods covered by USPTO registrations for the Plaintiffs Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Plaintiffs despite the fact that it is not.

68.     Defendants' use of the infringing marks was willful and done with the knowledge that the marks are infringing, and as such, Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

69.     Defendants' acts constitute use in commerce of the Plaintiffs Registered Trademarks.

70.     Not only are Defendants directly liable for infringement due to importing and distributing their Counterfeit Merchandise but since they had both general and specific notice of such illegal activity but continued to provide their importing and shipping services to the sellers of the Counterfeit Product, Defendants are also contributorily liable for trademark infringement.

71.     For the aforementioned reasons, Plaintiffs are entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiffs' lost profits from sales of genuine goods due to Defendants' conduct to the full extent provided under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

72.     Plaintiffs have no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. §1125(a))

73.     Plaintiffs hereby reallege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 58.

74.     Defendants' importation and distribution of goods bearing the Plaintiffs Registered Trademarks constitutes use in commerce of false designations of origin and false

and misleading descriptions and representations that Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Plaintiffs despite the fact that it is not. As a result of Defendants' unauthorized use of the Plaintiffs Registered Trademarks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' counterfeit merchandise.

75.     Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Plaintiffs Registered Trademarks constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of Plaintiffs.

76.     Defendants' conduct is willful, intended to reap the benefit of Plaintiffs' established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of Plaintiffs.

77.     Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct and/or for all of Plaintiffs' lost profits from lost sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. §1117(c).

78.     Plaintiffs have no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution, 15 U.S.C. § 1125(c))

79.     Plaintiffs hereby reallege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 58.

80.     Defendants' use of the Plaintiffs Registered Trademarks or marks confusingly similar thereto in order to sell their products constitutes Defendants' commercial use in commerce of the Plaintiffs Registered Trademarks.

81.     The Plaintiffs Registered Trademarks are world famous and distinctive. They achieved such status long prior to Defendants' activities complained of herein.

82.     Defendants' use of the Plaintiffs Registered Trademarks constitutes tarnishment of the Plaintiffs Registered Trademarks.

83.     Plaintiffs are suffering and will continue to suffer irreparable harm from Defendants' dilutive activities.

84.     Defendants' acts as aforesaid are diluting the distinctive quality of the Plaintiffs Registered Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

85.     Defendants have intentionally and willfully appropriated the Plaintiffs Registered Trademarks and traded on Plaintiffs' reputations.

86.     Defendants' wrongful acts of dilution will continue unless enjoined by this Court.

### FIFTH CLAIM FOR RELIEF
**(Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act, 19  U.S.C. § 1526(a))**

87.     Plaintiffs hereby re-allege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 58.

88.     Defendants' acts alleged herein constitute the importation of merchandise which bears imitations of the Plaintiffs Registered Trademarks without Plaintiffs' consent, in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

89.     Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham

Act, 15 U.S.C. § 1116(d).

90.    Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct and/or for all of Plaintiffs' lost profits from lost sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

91.    Plaintiffs have no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SIXTH CLAIM FOR RELIEF
### (Unfair and Deceptive Business Practices, N.Y. Gen. Bus. L. § 349)

92.    Plaintiffs hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 58.

93.    The wrongful conduct of Defendants, including but not limited to, the distribution of Infringing Products constitutes materially misleading and deceptive trade practices under New York General Business Law § 349.

94.    This wrongful conduct was consumer-oriented within the meaning of Section 349, as it is the intent of Defendants to distribute Counterfeit Product into the marketplace and therefore harm the general consuming public.

95.    Because of this deceptive conduct, Plaintiffs have been and will continue to be damaged both monetarily and in ways impossible to remedy through monetary judgment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court order the following relief:

I.    That the Court enter an injunction ordering that Defendants, their agents,

servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

   a)   using any counterfeit or infringement of the Plaintiffs Registered Trademarks to identify any goods not authorized by Plaintiffs;

   b)   counterfeiting or infringing the Plaintiffs Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Plaintiffs Registered Trademarks;

   c)   using any simulation, reproduction, counterfeit, or copy of the Plaintiffs Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiffs,

   d)   making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Plaintiffs;

   e)   engaging in any other conduct constituting an infringement of the Plaintiffs Registered Trademarks, of Plaintiffs' rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiffs' names, reputations, and goodwill.

   II.      That Defendants be required to deliver to Plaintiffs for destruction all unauthorized materials bearing any of the Plaintiffs Registered Trademarks in association with unauthorized goods and the means for production of same pursuant to 15 U.S.C. § 1118.

   III.      Requiring Defendants to pay to Plaintiffs such damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiffs' lost profits from sales of genuine goods due to Defendants' infringement, counterfeiting, false designation of origin, unfair competition trebled to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

   IV.      Ordering that Defendants compensate Plaintiffs for the costs of this action,

reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

V.       Plaintiffs be awarded their actual damages and attorneys' fees pursuant to N.Y. Gen. Bus. L. § 349.

VI.      Defendants be required to pay pre-judgment interest on all damages and profits awards.

VII.     Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII.    Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful, and fraudulent injury to Plaintiffs.

IX.      Awarding to Plaintiffs such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Plaintiffs have incurred in connection with this action.

**LEE LAW PLLC**

Dated: February 19, 2021

Michael Lee (ML6353)
Lee Law PLLC
579 Fifth Avenue
14th Floor
New York, NY 10017
Telephone: (212) 621-8239

*Attorney for Plaintiffs*